37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Foyce S. WHITNEY, Plaintiff-Appellant,
v.
RICCORDINO REALTY, Defendant-Appellee.
 No. 93-2838.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1994.*
Decided Oct. 19, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Federal courts, unlike most state courts, are courts of limited jurisdiction. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986); Abercrombie v. Office of Comptroller of Currency, 833 F.2d 672, 674 (7th Cir.1987). A case may proceed in federal court only if the plaintiff raises a claim based on the Constitution or laws of the United States or diversity jurisdiction exists. For that reason, every federal court has a special obligation to satisfy itself that it has the constitutional or statutory authority to act on a claim presented to it.
 
 
 2
 The district court reviewed Foyce Whitney's complaint against Riccordino Realty, Inc. and determined that it had no jurisdiction over his landlord-tenant dispute with Riccordino. Whitney claimed that his landlord (Riccordino), with the assistance of the Cook County Sheriff, violated numerous provisions of Chicago's landlord-tenant ordinance in unlawfully entering his apartment, removing his property, and prohibiting his re-entry. Whitney raises no issue involving either a federal statute or the Constitution. See 28 U.S.C. Sec. 1331. The parties here are not claimed to be diverse. See 28 U.S.C. Sec. 1332. And no other provision of Title 28 of the United States Code gives the federal courts jurisdiction over Whitney's complaint as it now stands. We agree with the district court's dismissal of this case for lack of subject matter jurisdiction.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)